UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| N&O HOLDINGS LLC, <br> *Plaintiff,* <br><br> v. <br><br> STATE AUTOMOBILE MUTUAL <br> INSURANCE COMPANY AND <br> GERALD PTACEK, <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO.5:22-cv-00186 <br><br> **JURY DEMANDED** |

## DEFENDANTS STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant State Automobile Mutual Insurance Company ("Defendant" or "State Auto") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I. NATURE OF THE SUIT

1. This lawsuit arises from a claim made by N&O Holdings LLC ("Plaintiff") under a policy of liability insurance. Plaintiff filed this lawsuit alleging breach of contract, common law fraud, breach of the duty of good faith and fair dealing, violations of Texas Insurance Code Chapter 541 and 542, and violations of the Texas Deceptive Trade Practices Act ("DTPA").

### II. PROCEDURAL BACKGROUND

2. On January 31, 2022, Plaintiff filed an Original Petition initiating an action against State Auto in the 37th Judicial District Court of Bexar County, Texas, bearing Cause No. 2022CI01755 ("the State Court Action"). *See* **Exhibit D.** A jury demand was made in the State Court Action and in Plaintiff's Original Petition. *See id.*

3. Defendant was served with the Original Petition in the State Court Action via its registered agent on February 7, 2022. *See* **Exhibits D and E.**

4. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after Defendant's receipt of service of process.

5. This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

### III. BASIS FOR REMOVAL

6. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. **Plaintiff is a Texas citizen**. According to Plaintiff's state court pleadings, Plaintiff is an LLC, and according to the Certificate of Formation with the State of Texas, The Managing Member is a citizen of Texas. *See* **Exhibit D**.

8. Defendant **is not a Texas citizen.** State Auto is an Ohio corporation with its principal place of business in Ohio. Thus, Defendant is not a citizen of Texas for the purposes of diversity jurisdiction, and complete diversity of citizenship exists among Plaintiff and State Auto.

9. **The non-diverse defendant Gerald Ptacek is improperly joined.** Plaintiff improperly joined State Auto's adjuster, Gerald Ptacek. By letter dated February 25, 2022, pursuant to TEX. INS. CODE § 542A.006, State Auto notified Plaintiff of its election to accept responsibility for whatever liability Ptacek might have related to the claim. *See* **Exhibit G.** As a result of this election, § 542A.006 mandates that no cause of action exists against Ptacek under

Texas law, and that the claims against Ptacek "shall" be dismissed with prejudice. TEX. INS. CODE § 542A.006 provides in relevant part as follows:

> **§ 542A.006. Action Against Agent; Insurer Election of Legal Responsibility**
> (a) Except as provided by Subsection (h), in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.
> (b) If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, ***the court shall dismiss that action with prejudice***.
> (c) If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, ***the court shall dismiss the action against the agent with prejudice***.
> (d) If an insurer makes an election under Subsection (a) but, after having been served with a notice of intent to take a deposition of the agent who is the subject of the election, fails to make that agent available at a reasonable time and place to give deposition testimony, Sections 542A.007(a), (b), and (c) do not apply to the action with respect to which the insurer made the election unless the court finds that:
>   (1) it is impracticable for the insurer to make the agent available due to a change in circumstances arising after the insurer made the election under Subsection (a);
>   (2) the agent whose liability was assumed would not have been a proper party to the action; or
>   (3) obtaining the agent's deposition testimony is not warranted under the law.
> (e) An insurer's election under Subsection (a) is ineffective to obtain the dismissal of an action against an agent if the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omissions.
> (f) An insurer may not revoke, and a court may not nullify, an insurer's election under Subsection (a).) (emphasis added)

10. A party is improperly joined if "there is no possibility of recovery by the plaintiff against an in-state defendant,"[1] and there is no "reasonable basis for predicting that state law might impose liability on the facts involved."[2] The standard for evaluating whether a reasonable basis for a claim exists is similar to that used in evaluating a motion to dismiss for failure to

---

[1] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).
[2] *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).

3

state a claim under Fed. R. Civ. P. 12(b)(6).[3] Although State Auto carries the burden of showing that Ptacek was improperly joined, it meets that burden here because, as shown above, Texas law expressly provides that pursuant to State Auto's election to assume Ptacek's potential liabilities relating to the insurance claim, there is no viable cause of action against them, and all claims against Ptacek "shall" be dismissed with prejudice. See *Valverde v. Maxum Casualty Insurance Company, et al*, 2021 WL 3885269 (S.D. Tex., August 31, 2021); *Ramirez v. Allstate Vehicle and Property Insurance Company, et al,* 490 F. Supp. 3d 1092 (S.D. Tex. 2020); *Diais v. Liberty Mutual Insurance Company, et al*, 2020 WL 10054495 (W.D. Tex., May 21, 2020); and *Bexar Diversified MF-1, LLC v. General Star Indemnity Company, et al,* 2019 WL 6131455 (W.D. Tex., November 18, 2019). See also, *Greatland Investment, Inc. v. Mt. Hawley Ins. Co.*, 2019 WL 2120854, at *4 (S.D. Tex. 2019) (Miller, J.)

11.     In *Vyas v. Atain Specialty Insurance Company,* a district court in the Southern District of Texas also examined the proper method of removal and dismissal of an adjuster under Chapter 542A and also concluded that immediate removal followed by an improper joinder analysis conducted by the federal court is proper.[4]  Therefore, State Auto removes the case immediately on improper joinder grounds. State Auto respectfully requests that this Court disregard the citizenship of Ptacek for purposes of diversity because he is improperly joined, and to immediately dismiss him with prejudice as required by TEX. INS. CODE § 542A.006.

12.     **The amount in controversy exceeds $75,000.** The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[5] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2)

---

[3] *Campbell v. Stone, Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).
[4] 380 F. Supp. 3d 609 (S.D. Tex. June 5, 2019) (Rosenthal, J.)
[5] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).

"by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[6]

13. Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's Original Petition claims that Plaintiff seeks monetary relief of "over $250,000.00." *See* **Exhibit D** at 2. The requisite threshold amount for removal has been met. It is "facially apparent" from the Original Petition.

14. Removal to the Western District of Texas, San Antonio, Division is proper because the state court action is pending in Bexar County, which is part of the Western District.

15. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant has filed with this Notice of Removal (a) civil cover sheet (Federal Court), (b) supplement to JS civil cover sheet cases removed from State Court, (c) case summary (37th District Court) ("docket sheet"), (d) Plaintiff's Original Petition, (e) service of process on Defendant State Automobile insurance Company and Citation on State Automobile Insurance Company, (f) a list of counsel of record and the parties represented and (g) letter of acceptance of liability of Gerald Ptacek by State Automobile Insurance Company under Art. 542A. 006 of the Texas Insurance Code dated February 25, 2022. *See attached* **Exhibits A-G.** There are no orders signed by the state court judge.

16. Defendant will separately file any Corporate Disclosure which may be required in compliance with Fed. R. Civ. P. 7.1.

17. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

---

[6] *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## IV. CONCLUSION AND PRAYER

18. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because (1) Plaintiff is a citizen of Texas, (2) Defendant State Auto is not a citizen of Texas (3) Defendant Ptacek is improperly joined so his citizenship must be disregarded, and (4) the amount in controversy, based on Plaintiff's pleadings, facially exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

19. Plaintiff demanded a jury previously in state court.

20. THEREFORE, Defendant State Automobile Mutual Insurance Company respectfully requests that the above-entitled action be removed from the 37th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ Michael W. McCoy
    Michael W. McCoy
    Texas Bar No.: 13471850
    Federal I.D. 3801
    E-Mail: mccoy@mdjwlaw.com

808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEY-IN-CHARGE FOR DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this document has been served this 28th day of February 2022 to the following counsel of record by *Electronic Filing*:

| | |
|---|---|
| Marc K. Whyte<br>Whyte PLLC<br>2101 NW Military Hwy.<br>San Antonio, Texas 78213 | **Via ECF:** mwhyte@whytepllc.com |

 

                                      */s/ Michael W. McCoy*
                                      Michael W. McCoy