UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

N&O HOLDINGS LLC,

    *Plaintiff*,

v.     Case No. SA-22-CV-0186-JKP

STATE AUTOMOBILE MUTUAL and
GERALD PTACEK,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendant State Automobile Mutual Insurance Company's Motion to Dismiss Gerald Ptacek with Prejudice Pursuant to Texas Insurance Code § 542A.006* (ECF No. 6). The defendant insurance company ("SAM") seeks dismissal of its adjuster-agent ("Ptacek"), with prejudice in accordance with state law. Plaintiff has filed a response (ECF No. 8) and the Court finds no need for a reply brief. *See* W.D. Tex. Civ. R. 7(e)(2) ("The court need not wait for a reply before ruling on a motion.") After considering the motion, briefing, other relevant filings, and the applicable law, the Court grants the motion to the extent that SAM seeks dismissal of Ptacek. But it dismisses him without prejudice in accordance with Fifth Circuit law.

This case presents no dispute that Defendant Ptacek is a nondiverse party. And "as long as a nondiverse party remains joined, the only issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). Through this limited authority, courts may dismiss an improperly joined party. *Int'l Energy*, 818 F.3d at 209. Such dismissal, furthermore, must be without prejudice because when "considering whether a nondiverse party was improperly joined . . .

the court is *only* considering jurisdiction." *Id*. at 209-10.

The motion before the Court concerns a post-suit election of liability by SAM pursuant to Tex. Ins. Code § 542A.006. The parties do not dispute that the insurance company elected to accept responsibility for Ptacek after Plaintiff commenced its state action but before SAM removed the action to federal court. Nor do they dispute that this is an action to which Chapter 542A applies.

The undersigned has previously confronted the issues presented by the parties in relation to Tex. Ins. Code § 542A.006. *See Wyatt v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-21-CV-00960-JKP, 2021 WL 5771873, at *1-3 (W.D. Tex. Dec. 3, 2021); *Tabib v. Metro. Lloyds Ins. Co. of Tex.*, No. SA-21-CV-0116-JKP, 2021 WL 1721853, at *1-2 (W.D. Tex. Apr. 30, 2021); *Koenig v. Unitrin Safeguard Ins. Co.*, No. SA-20-CV-00887-JKP-HJB, 2021 WL 51762, at *1-3 (W.D. Tex. Jan. 6, 2021); *Mazhar Footsteps, LLC v. AmGuard Ins. Co.*, No. SA-20-CV-00955-JKP-HJB, 2020 WL 7670245, at *1-5 (W.D. Tex. Dec. 24, 2020). *Koenig* and *Tabib* are factually indistinguishable from the current case – both involve a post-suit election of liability made before removal of the state action. *Compare* 2021 WL 1721853, at *1 (discussing similarities between case with *Koenig*) *with ECF No. 1-8* (showing election made by letter dated February 25, 2022, after filing of state petition but before removal). While *Mazhar* also involved a post-suit election, the election of liability was made in the notice of removal itself and in an emailed letter sent that same day. *See* 2020 WL 7670245, at *2. Similarly, *Wyatt* involved a post-suit election attached as an exhibit to the notice of removal. *See* 2021 WL 5771873, at *1.

In each of these prior cases, this Court recognized a developed "split of authority" on how to apply § 542A.006 when the insurer "has made its election in the state court proceedings or at the time of removal." *See Wyatt*, 2021 WL 5771873, at *2; *Tabib*, 2021 WL 1721853, at *2; *Koenig*, 2021 WL 51762, at *3, *Mazhar*, 2020 WL 7670245, at *3. And in *Koenig*, the Court found

the *Mazhar* analysis equally applicable to that case. *See* 2021 WL 51762, at *3. Based on the analyses and discussions set out in these prior cases the Court is naturally inclined to rule similarly. As already noted, and as pointed out in *Mazhar*, despite § 542A.006 providing "for dismissal with prejudice following an insurer's election," the Fifth Circuit requires that "an improperly joined party" be dismissed without prejudice. 2020 WL 7670245, at *5 n.4 (citing *Probasco v. Wal-Mart Stores Tex., LLC*, 766 F. App'x 34, 36 (5th Cir. 2019) (quoting *Int'l Energy*, 818 F.3d at 209), *reh'g denied* (Apr. 24, 2019)).

The parties recognize the split of authority and unsurprisingly urge the Court to apply the side of the split that favors their position. The Court has considered Plaintiff's response to the motion and its arguments for why this Court lacks jurisdiction. But Plaintiff presents no argument that the Court has not already considered previously. Plaintiff merely relies on non-binding caselaw that is in conflict with this Court's established approach. Plaintiff, however, presents no new breakthrough, no persuasive decision, or any binding precedent requiring or persuading the Court to deviate from its prior path.

The Court has reviewed its prior decisions on this matter and reaffirms its commitment to its established approach. Of its four cases, only one, *Koenig*, has prompted any disagreement. In *Kessler v. Allstate Fire and Casualty Insurance Company*, 541 F. Supp. 3d 718 (N.D. Tex. 2021), the Northern District of Texas disagreed with the defendant's arguments relying on *Koenig*. Of course, *Koenig* followed the approach established in *Mazhar*.

The *Mazhar* case sets out this Court's reasoning. It relies on two en banc decisions of the Fifth Circuit to find that a post-filing, pre-removal election under § 542A.006 makes the case removable under diversity jurisdiction. *See* 2020 WL 7670245, at *3-5 (relying on *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc) and *Flagg v. Stryker Corp.*, 819 F.3d

132, 137 (5th Cir. 2016) (en banc)). In taking its position, *Kessler* emphasizes that no binding authority controls. *See* 541 F. Supp. 3d at 728-29. Yet, although considering *Smallwood*, *Kessler* does not discuss *Flagg* at any point. One court that disagrees with *Kessler* specifically notes this omission. *See Valverde v. Maxum Cas. Ins. Co.*, 558 F. Supp. 3d 385, 400 (S.D. Tex. 2021). *Flagg* was the tipping point in this Court's analysis of the § 542A.006 issue presented.

This Court readily agrees that this is "an area of law – improper joinder jurisprudence – that is notoriously opaque." *See Kessler*, 541 F. Supp. 3d at 731. And it does not disagree that this may be "a close question of law." *See id*. Absent *Flagg*, *Kessler*'s position would be stronger. Further, while the Court has no disagreement with the proper lens from which to view jurisdictional issues and questions of removal, *see id*. (citing three specific legal principles), the Court finds that each legal principle supports its approach. As stated in *Mazhar*:

> Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

2020 WL 7670245, at *1.

Thus, although federal courts "must presume that a suit lies outside [its] limited jurisdiction," the presumption may be overcome by "the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When that party presents an irrevocable election under § 542A.006, it carries its burden on the jurisdictional issue absent other issues of jurisdiction. Second, although the federal courts strictly construe removal statutes and resolve "any doubt about the propriety of removal" in favor of remand, an irrevocable § 542A.006 election may remove any such doubt. Third, although the federal courts must "resolve any contested issues of

4

material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor, *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), no one contests that SAM has irrevocably elected to accept responsibility for its adjuster under § 542A.006, and there is no ambiguity or uncertainty in Texas law that the plaintiff therefor had no possibility of recovery against Ptacek at the time of removal.

If there is ambiguity or uncertainty, it lies with Fifth Circuit precedent, not state law. But, as discussed in *Mazhar*, *Flagg* "focuses on 'plaintiff's possibility of recovery against that defendant *at the time of removal*.'" 2020 WL 7670245, at *3 (quoting *Flagg*, 819 F.3d at 137 (emphasis in original)). As noted in *Valverde*, "the Fifth Circuit en banc and otherwise has repeatedly instructed district courts to test improper joinder at the time of removal, not as the plaintiff's claims 'existed *when first made*.'" 558 F. Supp. 3d at 400-01 (quoting *Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1104 (S.D. Tex. 2020)). This Court agrees that the Fifth Circuit has not "left the law in such disarray that the Court is entitled to breezily remand a case over which diversity jurisdiction evidently attaches." *See id*. at 401.

Although *Flagg* dealt with questions of exhaustion, that distinction does not lessen the clear import of the decision. Four times in *Flagg*, the Fifth Circuit states that the relevant time for examining jurisdictional facts is "at the time of removal." *See* 819 F.3d at 137 (with emphasis), 138 (twice), 140. At one point, the Circuit also noted that "the district court correctly concluded that Flagg could not 'establish a cause of action against [the Medical Defendants] in state court' at the time the Manufacturing Defendants removed the case because he had not exhausted his claims before filing suit." *Id*. at 137. Because the Circuit recognized that exhaustion was lacking at the time the plaintiff filed suit in state court, the Circuit could easily have set the relevant time period as the date of filing of the state action. But it did not do so.

5

For purposes of diversity jurisdiction, federal courts properly discount the citizenship of defendants that the plaintiff is "unable to 'establish a cause of action against'" at the time of removal. *Id*. at 138. And when "there is no doubt that the state court would have been required to dismiss [certain defendants] from the case" had the case not been removed to federal court, the courts properly find that the plaintiff is unable to establish a cause of action at the time of removal. *See id*. Similar to *Flagg*, "measuring the jurisdictional facts as they existed at the time of removal," Plaintiff's claims against the adjuster Ptacek "were doomed to dismissal, and [Plaintiff] therefore had no possibility of recovery against [him]." *See id*. at 140. Because the insurance company's election demonstrates that Plaintiff has no possibility of recovery against Ptacek, the agent is considered improperly joined and his citizenship may be disregarded for purposes of diversity jurisdiction. *See Mazhar*, 2020 WL 7670245, at *4. The Court thus dismisses Ptacek from this action without prejudice in accordance with precedent.

Further, because SAM has elected to accept the liability Ptacek may have, § 542A.006 "demands that he be dismissed from the suit." *Id*. at *2. But his dismissal "does not prevent Plaintiff from asserting claims under Chapter 541 of the Texas Insurance Code" or preclude them from implicating the agent in those claims, deposing him, or presenting evidence of his acts or omissions. *See id*. (citing Tex. Ins. Code § 542A.006(d)-(g)).

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** *Defendant State Automobile Mutual Insurance Company's Motion to Dismiss Gerald Ptacek with Prejudice Pursuant to Texas Insurance Code § 542A.006* (ECF No. 6). It grants the motion to the extent the insurance company seeks dismissal of Ptacek but denies the motion to the extent it seeks dismissal with prejudice. Accordingly, the Court **DISMISSES** Defendant Gerald Ptacek from this action without prejudice. To the extent not otherwise precluded under the Federal Rules of

Evidence, evidence of his acts or omissions may be offered at trial pursuant to Tex. Ins. Code § 542A.006(g). **The Clerk of Court shall terminate Gerald Ptacek as a party in this case.** Because the Court properly disregards the citizenship of Defendant Ptacek for purposes of diversity jurisdiction, it finds that complete diversity exists, and it has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

**IT is so ORDERED this 11th day of May 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**